# ECLIPSE BICYCLE COMPANY *v.* FARROW.

APPEAL AND ERROR; EQUITY; ACCOUNTING; FRAUD.

1. Where in a suit in equity by an inventor against a manufacturer, based upon an assignment by the complainant to the defendant of his invention in consideration of which the defendant agreed to manufacture and sell the complainant's device and to pay him a royalty on those manufactured, it having been held that the defendant had no right to discard the device and substitute the invention of another person, especially where it appeared that the substituted device was adopted as a pretext to evade liability to the complainant, an accounting was ordered, during the pendency of which it appeared that the company, with the evident intention of escaping further accountability, discarded the manufacture of both devices and was manufacturing still another device produced by the inventor of the second one, who during the entire litigation remained the superintendent of the defendant, a decree was *affirmed* which ratified and confirmed an audit which took into account both of such substituted devices, as well as that of the complainant, and allowed the complainant to recover royalties on the sale and manufacture of each. The question of the patentable differences between the complainant's device and the substituted devices in such a case, unlike cases of infringement or patentable novelty, is immaterial, the ground of the accountability of the defendant being that the manufacture of devices other than that of the complainant, in evasion of the defendants' contract with him, is a fraud upon him, for which the defendant should account.

2. In such a case, an accounting may be ordered with respect to the second device so substituted without the filing of a supplemental bill by the complainant, where it appears that the defendant had ample notice of the complainant's claim with regard to it before being required to account, although it would have been probably more regular for the complainant to have filed a supplemental bill.

3. Where a decree in a suit for an accounting which ratified a report of the auditor and allowed the sum found to be due by the auditor to the complainant against the defendant, was defective in form in that it failed in terms to adjudge that the defendant should pay that sum to the complainant or that he should recover it against the defendant, this court finding no error of substance in the decree, and

being authorized by law to modify as well as to affirm or reverse judgments or decrees of the court below appealed from, modified the decree so as to cure such defect, and as so modified affirmed it.

No. 1351. Submitted March 17, 1904. Decided April 5, 1904.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia ratifying and confirming a report of the auditor in a suit in equity for an accounting. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. S. Worthington, Mr. D. S. Mackall, Mr. H. L. Osgood,* and *Mr. C. Schuyler Davis* for the appellant.

*Mr. Henry M. Earle* and *Mr. John C. Gittings* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This case has twice before been in this court. The result on the first occasion is found reported in 16 App. D. C. 468; that on the second appeal in 18 App. D. C. 101. As in the opinions then filed the facts of the case down to the time of the later report have been sufficiently stated, it is needless to repeat them here.

After the decision of this court on the second appeal and the remanding of the cause to the court below for further proceedings therein, the case went to the auditor of that court for the accounting which had been ordered. The auditor on June 2, 1902, filed a report in which he found the sum of $4,808 due from the defendant, the appellant here, to the appellee. Exceptions were taken to the report by both parties, one by the complainant, which was sustained by the court, and seventeen by the defendant, which were all overruled, and the cause was remanded to the auditor, with directions to restate the account in accordance with the claim of the complainant in the exceptions which.

had been sustained. This was done and the auditor made a second report, wherein he found a further sum of $12,297.20 due from the defendant to the complainant, with interest on the several instalments thereof from certain specified dates. Again, there were exceptions filed by the defendant, which do not seem to have been formally acted upon by the court at the time, but the cause was again sent back to the auditor for the purpose of consolidating his two reports into one. He thereupon filed a third report, in which he found the sum of $17,105.20 to be due from the defendant to the complainant with interest on various instalments thereof as in the second report. The court then considered the exceptions that had been filed to the second report and ratified and confirmed the auditor's third report, which allowed the sum of $17,105.20 against the defendant, and it adjudged that the complainant should recover costs from the defendant. It did not in terms adjudge that the defendant should pay the amount found due by the auditor's report or that the complainant should recover the same against the defendant.

From this decree the defendant company has appealed to this court.

It has been suggested in argument, although neither side insists upon the point, that possibly the decree of the court below is not final, inasmuch as it fails to adjudge that the complainant should recover from the defendant the amount found due by the auditor. But since it is desirable that the cause should go to the court of last resort, there to be finally determined, with as few technicalities as possible to obstruct or postpone such final determination, we think that this difficulty, if difficulty it is, may be obviated, under the authority vested by the law in this court to *modify,* as well as to affirm or reverse, the judgments and decrees of the court below, by the addition in our decree in the premises of a clause to the effect that the complainant should be entitled to such recovery; and this will accordingly be done.

The original decree of the supreme court of the District of Columbia, which was rendered on February 1, 1900, and which was affirmed by this court (16 App. D. C. 468), adjudged and decreed that the defendant should account to the complainant, un-

der the contract between them, for royalties upon all devices manufactured by the defendant company, which embodied the inventions of the complainant mentioned in two applications for patents filed by him; and also for royalties upon all devices manufactured by them under letters patent No. 611,073, granted to Alexander Morrow on September 20, 1899, which, although patentably somewhat different from the complainant's devices, was held by that court and by this court to have been in the hands of the defendant company a merely colorable and fraudulent evasion of the rights of the complainant under his contract with the company.    Confining himself to a strict compliance with the terms of this decree, the auditor found the amount due from the defendant to the complainant to be the sum of $4,808; and this, as already stated, was the substance of his first report.

But in the course of the testimony taken before him during that audit the fact was developed that some time in 1900 or 1901, after the rendition of the first decree of the court below, which directed an accounting, the defendant company, with the evident purpose of escaping further accountability, had discarded the manufacture both of the devices of the Farrow applications and the device of the Morrow patent No. 611,073, and was manufacturing another device, also produced by Morrow, who still remained the superintendent of the defendant company, designated in the record as "Exhibit E 10," by which name we will also call it.    This Exhibit E 10, as testified by two expert witnesses, has the same general characteristics as one of the Farrow devices, and effects the same result.    Other experts testify that it is patentably different.    It was contended before the auditor by counsel for the complainant that this should enter into the accounting.    The auditor declined to admit it, but the court overruled him and ordered the second audit for the purpose of having it taken into the account.    It was for the use by the defendant company of this later device that the sum of $12,297.20 was found to be due to the complainant, and the present controversy is over the allowance of this sum.    For it is conceded that if the original decree is right the accounting in the first audit is right, and there is at least the sum of $4,808 due from the defendant to

the complainant. The question for our present determination is whether the complainant should be allowed royalties for the manufacture by the defendant company of the device of "Exhibit E. 10."

The case has been argued before us on behalf of the defendant, mainly upon the theory that this is like a case of infringement of patent, or a case of patentable novelty wherein it is sought to be shown that some apparently new thing is patentably different from some old device. This is a wholly erroneous theory of the case. We believe that it was admitted that the device of the Morrow patent, No. 611,073, was patentably different from the devices of the Farrow applications; and yet it was held that, in view of the contract between the parties by which the defendant company had effectively tied the hands of Farrow, its manufacture of the Morrow device of the patent No. 611,073 was virtually a fraud upon him. The ground of accountability under the contract is not that the Farrow and the Morrow devices are patentably identical, for they are not, but that the manufacture of any other devices by the defendant company, in evasion of its contract with Farrow, is a fraud upon the latter for which the company should account. If the contract had been in express terms that, in consideration of the assignment of his inventions by Farrow to the company, the latter would manufacture his devices exclusively, and no other, and should pay royalties to him therefor; and if thereafter, finding something that suited them better at less price, the company should disregard the agreement, discard the Farrow devices, and manufacture only the new device that had been found, can it be supposed for a moment that the company would thereby escape liability under the contract? But this is substantially the case under consideration. It is a case where equity will pursue a fraud whatever guise it takes.

In this view of the case there is no reason why the defendant company should not account to the complainant for its manufacture of the device of "Exhibit E 10," as well as for the device of the Morrow Patent No. 611,073.

But the question remains whether this can properly be done

without the filing of a supplemental bill, inasmuch as the decree referring the cause to the auditor refers to him only in terms the devices of the Farrow application and the device of the Morrow patent, No. 611,073. It would probably have been more regular to bring this "Exhibit E 10" into the case by means of a supplemental bill. But after all it is only a matter of accounting, and under the testimony taken and the exceptions filed, and the second reference to the auditor, the defendant had ample notice of the complainant's claim with regard to this "Exhibit E 10," and had ample opportunity to contest the complainant's right in reference thereto, and, in fact, it took testimony to show that there should be no accounting for the use of this device. Even if the more regular course would have been to file a supplemental bill for the manufacture of "Exhibit E 10," it is not apparent that the interest of justice would be subserved by remanding the cause for that purpose. It is a case in equity. We have the substance here. It is unnecessary to delay the final determination of the cause for mere matter of form, which might even now be allowed to be introduced if it were needed.

A question is made in regard to the allowance of interest on the amount found due on account of "Exhibit E 10," when interest had been waived, as it seems, on the $4,808 found due on the first audit. Whatever may have been the purpose of the complainant in waiving interest under the first audit, we see no inconsistency in his claim and allowance of interest under the second audit. We are not disposed to interfere with the decree on this account.

On the whole, we find no error in the decree appealed from for which it should be reversed. But, as we have already intimated, in order that the cause may be presented to the court of last resort in what seems to us somewhat better shape, we will modify the decree by the insertion of the words following, after the part confirming and ratifying the auditor's report: "And it is further ordered, adjudged, and decreed that the complainant do recover from the defendant the said sum of $17,105.20, with interest on $2,082.50 thereof, from December 15, 1899; and on $3,682.80 thereof from March 15, 1900; and on $5,329.40 there-

of from June 15, 1900; and on $1,202.50 thereof from July 15, 1900." And thus modified it will be affirmed, with costs.

And it is so ordered.                        *Affirmed.*